IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02549

ANDRE MAY, M.D.

PLAINTIFF,

v.

COLORADO MEDICAL BOARD,

DEFENDANT

---

## NOTICE OF REMOVAL

---

Defendant, through undersigned counsel submits this Notice of Removal and state as follows:

1.     Plaintiff filed this action on September 3, 2014, in Colorado State District Court, Denver County and served Defendant with the summons and complaint on September 3, 2014.  Plaintiff's third cause of action is for an alleged violation of Plaintiff's Civil Rights pursuant to 42 U.S.C. § 1983.

2.     This Court has jurisdiction over Plaintiff's lawsuit pursuant to Federal Question Jurisdiction, 28 U.S.C. § 1331.  Removal of this case is expressly authorized by 28 U.S.C. §§ 1441 (a) and 1443(2).

3.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon the defendants are attached as **Exhibit A**.

4.    Pursuant to D.C.COLO.LCivR 81.1B, a copy of the state court's

register of actions is attached as **Exhibit B**.

JOHN W. SUTHERS
Attorney General


s/JACK M. WESOKY
JACK M. WESOKY, 6001*
SENIOR ASSISTANT ATTORNEY
   GENERAL

ASHLEY M. KLEIN
SENIOR ASSISTANT ATTORNEY
   GENERAL

Attorneys for DEFENDANT

Ralph L. Carr Colorado Judicial Center
1300 Broadway, 8th Floor
Denver, Colorado  80203
Telephone:  720-508-6390 (Wesoky)
                     720-508-6400 (Klein)
FAX:  720-508-6037
E-Mail:  jack.wesoky@state.co.us
              ashley.klein@state.co.us
*Counsel of Record

CERTIFICATE OF SERVICE

I certify that I served the within NOTICE OF REMOVAL upon all parties

herein by e-filing, via e-mail and by depositing copies of same in the United States

mail, first-class postage prepaid, at Denver, Colorado, this 4th day of September, 2014,

addressed as follows:


Sheila H. Meer                              Kari Hershey
Sheila H. Meer, P.C., Attorneys at Law      hershey decker
4535 East Colfax Avenue                     10463 Park Meadows Drive, Suite 209
Denver, CO 80220                            Lone Tree, CO 80124
smeer@meerschatz.com                        kari@hersheydecker.com


                                /s/  Maria E. Ruiz

3

DISTRICT COURT,
CITY AND COUNTY OF DENVER
1437 Bannock Street
Denver, CO 80202

**Plaintiff-Appellant:** ANDRE R.MAY, M.D.

v.

**Defendant-Appellee:** COLORADO
MEDICAL BOARD

*Attorneys for Plaintiff*
Sheila H. Meer #1508
Sheila H. Meer, P.C., Attorneys at Law
4535 East Colfax Avenue
Denver, CO 80220
(303) 333-6330
smeer@meerschatz.com

Kari Hershey #34246
h e r s h e y  d e c k e r
10463 Park Meadows Drive, Suite 209
Lone Tree CO 80124
303-226-1680 direct
720-435-6509 cell
kari@ h e r s h e y  d e c k e r . c o m

[COURT USE ONLY]

Case No. 14 CV _____
Division _____

---

**DISTRICT COURT CIVIL CASE COVER SHEET FOR COMPLAINT**

1.　This cover sheet shall be filed with each pleading containing an initial claim for relief in every district court civil (CV) case, and shall be served on all parties along with the pleading. It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2.　Check one of the following:

　　❑　This case is governed by Chief Justice Directive ("CJD") 11-02 and "Colorado Civil Access Pilot Project Rules Applicable to Business Actions in District Court" because:

　　　　-　The case is filed within the period of January 1, 2012 through December 31, 2014; *AND*

　　　　-　The case is filed in a Pilot Project participating jurisdiction (Adams County, Arapahoe County, Denver County, Gilpin County, or Jefferson County); *AND*

　　　　-　The case is a "Business Action" as defined in CJD 11-02, Amended Appendix A for inclusion in the Pilot Project.



EXHIBIT

A

☒ This case is not governed by the Colorado Civil Access Pilot Project Rules.

*NOTE: **Cases subject to the Colorado Civil Access Pilot Project must be governed by the Rules in CJD 11-02** (available at https://www.courts.state.co.us/Courts/Supreme_Court/Directives/Index.cfm). The presiding judge will review Item 2 for accuracy. The designation on this initial Cover Sheet will control unless the Court orders otherwise.*

3.  If this case is not governed by the Colorado Civil Access Pilot Project Rules as indicated in Item 2, check the following:

❑ This case is governed by CRCP 16.1 because:

- The case is not a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, CRCP 106, CRCP 120, or other similar expedited proceeding; *AND*

- A monetary judgment over $100,000 is not sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

☒ This case is not governed by CRCP 16.1 because (check ALL boxes that apply):

☒ The case is a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, CRCP 106, CRCP 120, or other similar expedited proceeding.

❑ A monetary judgment over $100,000 is sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

*NOTE: In any case to which CRCP 16.1 does not apply, the parties may elect to use the simplified procedure by separately filing a Stipulation to be governed by the rule within 49 days of the at-issue date. See CRCP 16.1(e). In any case to which CRCP 16.1 applies, the parties may opt out of the rule by separately filing a Notice to Elect Exclusion (JDF 602) within 35 days of the at-issue date. See CRCP 16.1(d).*

❑ A Stipulation or Notice with respect to CRCP 16.1 has been separately filed with the Court, indicating:

❑ CRCP 16.1 applies to this case.

❑ CRCP.16.1 does not apply to this case.

4.  ❑ This party makes a Jury Demand at this time and pays the requisite fee. See CRCP 38. (Checking this box is optional.)

Date: September 3, 2014

/s/ Kari M. Hershey
Kari M. Hershey, #34246
Hershey Decker PLLC
10463 Park Meadows Dr., Ste. 209
Lone Tree, CO 80124
303-226-1680 (phone)
*Attorneys for Plaintiff Dr. May*

| | |
|---|---|
| DISTRICT COURT,<br>CITY AND COUNTY OF DENVER<br>1437 Bannock Street<br>Denver, CO  80202<br><br>**Plaintiff-Appellant:**  ANDRE R.MAY, M.D.<br><br>v.<br><br>**Defendant-Appellee:**  COLORADO MEDICAL BOARD<br><br>*Attorneys for Plaintiff*<br>Sheila H. Meer #1508<br>Sheila H. Meer, P.C., Attorneys at Law<br>4535 East Colfax Avenue<br>Denver, CO  80220<br>(303) 333-6330<br>smeer@meerschatz.com<br><br>Kari Hershey #34246<br>h e r s h e y  d e c k e r<br>10463 Park Meadows Drive, Suite 209<br>Lone Tree CO 80124<br>303-226-1680 direct<br>720-435-6509 cell<br>kari@ h e r s h e y  d e c k e r . c o m | [COURT USE ONLY]<br><br>Case No. 14 CV _____<br>Division \_\_\_\_ |
| **DISTRICT COURT CIVIL SUMMONS** | |

**TO THE ABOVE NAMED DEFENDANT:** <u>Colorado Medical Board</u>

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint.  If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you.  If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you.  Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated: September 3, 2014

/s/ Kari M. Hershey     .
Kari M. Hershey, #34246
*Attorney for Plaintiff-Appellant*

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.**

**WARNING:** A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal. The plaintiff has 14 days from the date this summons was served on you to file the case with the court. You are responsible for contacting the court to find out whether the case has been filed and obtain the case number. If the plaintiff files the case within this time, then you must respond as explained in this summons. If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

DISTRICT COURT,
CITY AND COUNTY OF DENVER
1437 Bannock Street
Denver, CO 80202

**Plaintiff-Appellant:** ANDRE MAY, MD

v.

**Defendant-Appellee:** COLORADO
MEDICAL BOARD

*Attorneys for Plaintiff*
Sheila H. Meer #1508
Sheila H. Meer, P.C., Attorneys at Law
4535 East Colfax Avenue
Denver, CO 80220
(303) 333-6330
smeer@meerschatz.com

Kari Hershey #34246
h e r s h e y  d e c k e r
10463 Park Meadows Drive, Suite 209
Lone Tree CO 80124
303-226-1680 direct
720-435-6509 cell
kari@ h e r s h e y d e c k e r .com

[COURT USE ONLY]

Case No. 14 CV _____
Division _____

**VERIFIED COMPLAINT FOR FORWITH JUDICIAL REVIEW AND INJUNCTION**

    Andre R. May, M.D. (Dr. May), through counsel, brings this complaint to compel the Colorado Medical Board (Board) to comply with the terms of its final agency order vacating an earlier order of suspension.

### Parties

    1. Dr. May was licensed to practice medicine in Colorado on June 5, 1987, and holds Colorado medical license DR-28148.

    2. Dr. May is also licensed to, and practices medicine in Oklahoma, where he resides and is currently employed.

    3. The Board is a state agency, authorized by the Medical Practice Act to regulate the practice of medicine in Colorado, §12-36-101, *et seq.,* C.R.S. (2013).

4.   The Board's offices are in Denver, Colorado, where it resides for purposes of judicial actions. §24-4-106(4), C.R.S. (2013).

## Jurisdiction

5.   Article II, §25 of the Constitution of Colorado, and the Fifth and Fourteenth Amendments to the United States Constitution prohibit this State from depriving its citizens of their rights to life, liberty, or property without the due process of law.

6.   Pursuant to Article II, §3 of the Constitution of Colorado, the right to practice a learned profession is a valuable property right.  *E.g. Prouty v. Heron,* 255 P.2d 755, 757-58 (Colo. 1953).

7.   Pursuant to the Colorado State Administrative Procedure Act (APA), licensees subject to agency adjudicatory hearings, such as Dr. May, are "assured" and "accorded" due process of law. §24-4-105(1), C.R.S. (2013).

8.   Terms, conditions, or requirements limiting any license are valid only if reasonably necessary to effectuate the purposes, scope, or stated terms of the statute pursuant to which the license is issued or required. §24-4-104(2), C.R.S. (2013).

9.   Final agency action is subject to judicial review under Colorado's State Administrative Procedure Act. §24-4-106(2), C.R.S. (2013). "Action" is defined to include "the whole or any part of any agency rule, order, [or] interlocutory order . . . ."  *Id.* at §24-4-102(1). "Finality" occurs when administrative remedies for the agency action, here, an Order of Summary Suspension and subsequent Interim Practice Agreement, have been or are exhausted or unavailable.  *Envirotest Systems v. Colo. Dep't of Revenue,* 109 P.3d 142 (Colo. 2005).

10.   A person adversely affected or aggrieved by any agency action may commence an action for judicial review in the district court or court of appeals within thirty-five or forty-nine days, respectively, after such agency action becomes effective.  §24-4-106(4) and (11), C.R.S. (2013).

11. The effective date of the agency action challenged here is August 26, 2014.

12. The requirement to file for judicial review in the Court of Appeals, §12-36-119, C.R.S. (2013), however, is not applicable, as the Board has not, to date, refused a license, imposed a disciplinary sanction, or placed this license on probation. Therefore, appeal for the relief sought herein, enforcement of agency orders, is to the District Court.

13. Colorado district courts have jurisdiction to grant appropriate relief, including jurisdiction to compel a board to perform an act that the law provides as a duty of such board, or set aside an act that results from an abuse of discretion, both under the APA, §24-4-106(7), C.R.S. (2013) (reviewing court may "shall hold unlawful and set aside the agency action and shall restrain the enforcement of the order under review, [and] or compel any agency action to be taken which has been unlawfully withheld or unduly delayed....") and CRCP 106(a)(2).

14. As set forth in detail below, the Board wrongfully continues to publish an Order for Summary Suspension that it is required to vacate.

## Factual Allegations

15. Dr. May is licensed to practice medicine in the states of Colorado and Oklahoma.

16. Dr. May is Board-Certified in Internal Medicine and Pediatrics.

17. On July 18, 2014, Panel B of the Board summarily suspended Dr. May's license to practice medicine in Colorado. *Attachment A, Order of Summary Suspension.* On that date, and to date, no Notice of Charges alleging violation of the Medical Practice Act has been filed or served by the Board.

18. At the time it voted to suspend Dr. May, Panel B of the Board did not consider any information from Dr. May about the care that Dr. May provided to the clinic patients in issue.

19. Panel B of the Board subsequently afforded Dr. May an opportunity to respond with written information after suspension and offered him a post-suspension hearing on August 22, 2014. Dr. May and counsel appeared at that (unrecorded) hearing with Panel B. Dr. May denied violation of the Medical Practice Act, orally and in writing.

20. At the conclusion of that hearing, Panel B voted to vacate the summary suspension, conditioned on the Parties entering an Interim Practice Agreement (IPA). The terms and conditions of the IPA were negotiated by the Parties, through counsel.

21. On August 26, 2014, Panel B of the Board entered the Interim Practice Agreement, signed by the Parties, as its Order. *Attachment B, Interim Practice Agreement.*

22. The Interim Practice Agreement allows Dr. May to practice all aspects of primary care medicine in a hospital (as a "hospitalist") or in private group practice, except that for not to exceed 90 days, he may not practice in a pain management clinic or prescribe controlled substances outside of the hospital setting.

23. By vacating the Order of Summary Suspension and entering the Interim Practice Agreement, Panel B of the Board necessarily recognized that Dr. May's continued practice of medicine with conditions does not compromise the health, safety, and welfare of Colorado citizens.

24. The Interim Practice Agreement constitutes final action for purposes of §24-4-106(7), C.R.S. (2013) and CRCP 106(a)(2).

25. The Interim Practice Agreement, at ¶7, states that Panel B of the Board agrees "to vacate and does vacate its order of July 18, 2014, as of the effective date of this agreement."

26. As a matter of law, the word "vacate" means: to annul; to set aside; to cancel or rescind, or to render an act void; as, to vacate an entry of record, or a judgment. As applied to a judgment or decree, it is not synonymous with "suspend," which means to stay enforcement of an otherwise viable order, judgment, or decree. *See Black's Law Dictionary, 6th Edition.*

27. To date, and after repeated demands by Dr. May's counsel, Panel B of the Board has refused to vacate its Order of Summary Suspension of July 18, 2014.

28. To date, the Board continues to publish the July 18, 2014 Order of Summary Suspension on its public websites. While acknowledging the existence of an "Agreement" effective "08/26/2014," and a "Completion Date" of the "Summary Suspension" on "08/26/2014," the Board's public website does not publish the Interim Practice Agreement or explain why the Order of Summary Suspension is still being published in place of the Interim Practice Agreement or standing alone. *Attachment C, Board licensure website for Andre R. May, 9/3/14.*

29. The Board websites are accessible to and consulted by other state licensing boards, law enforcement agencies, public and private medical institutions and facilities, national data banks, professional review bodies, insurance carriers, and the general public.

30. To date, the Board has not voided its report of the July 18, 2014, Order of Summary Suspension with the National Practitioner Data Bank (NPDB) or any other statutorily-required national reporting system. The NPDB is accessible to and consulted regularly by state licensing boards, law enforcement agencies, insurance carriers, and public and private medical facilities.

31. Dr. May has complied with the terms of the Interim Practice Agreement to date, without exception.

32. The Board's continuing publication of the vacated Order of Summary Suspension and refusal to publish the Interim Practice Agreement in its place poses immediate risk of adverse action by other state licensing boards and by his employer; invites adverse professional review action, insurance panel participation cancellation, adverse action by law enforcement agencies, denial or cancelation of insurance coverage, and damage of his professional reputation.

33. To date, Dr. May has been required to notify the Oklahoma Medical Board, his Oklahoma employer, potential Oklahoma employers, and the Drug Enforcement Administration (DEA) (Colorado) of the Order of Summary Suspension and the Interim Practice Agreement. Responses from the Oklahoma Board and DEA are pending. Additional inquiries into his licensure status by his employer and potential employers have been received.

34. The Board's conduct in continuing to publish a vacated Order of Summary Suspension and refusal to publish the successor Order (Interim Practice Agreement) is arbitrary, capricious, and an abuse of discretion under the APA.

**First Claim for Relief**
**(Judicial Review pursuant to §24-4-106(4) and (7))**

35. As set forth in the allegations in paragraphs 1 through 34, incorporated herein, the Board has not complied with the terms of a valid agency order, the Interim Practice Agreement, requiring that the Order of Summary Suspension be vacated.

36. The Board's conduct constitutes its failure to abide by a mutually negotiated and agreed enforceable order which has caused and continues to cause Dr. May injury and which failure may be rectified by this Court under the APA.

### Second Claim for Relief
### (Compel Compliance with the Interim Practice Agreement pursuant to CRCP 106(2))

37. Dr. May incorporates the allegations in paragraphs 1 through 36 herein.

38. Pursuant to the August 22, 2014, vote of Panel B of the Board and the Parties' enforceable August 26, 2014 Interim Practice Agreement, the Board must vacate the July 18, 2014, Order of Summary Suspension, including, but not limited to: ceasing its continued publication on any website or otherwise, filing a "Void Report" voiding the Order of Summary Suspension to the NPDB and other national reporting bodies, and publishing and reporting the Interim Practice Agreement, in its place.

39. CRCP 106(2) authorizes the Court to compel the Board to perform its duty.

### Third Claim for Relief
### (42 USC §1983)

40. Dr. May incorporates the allegations in paragraphs 1 through 39 herein.

41. The Board's action violates Dr. May's right to due process and fundamental fairness guaranteed by Article II, Section 25 of the Constitution of Colorado, and the Fifth and Fourteenth Amendments to the United States Constitution.

42. The Board's actions were undertaken and accomplished under color of state law.

### Fourth Claim for Relief
### (Injunctive Relief pursuant to §24-4-106(7) and CRCP 65)

43. As set forth in the allegations in paragraphs 1 through 42, incorporated herein, the Board has violated Dr. May's constitutional and statutory property rights and procedural due process of law, in violation of the action taken by Panel B to vacate the Order for Summary Suspension and enter into and publish the Parties' negotiated Interim Practice Agreement, damaging him immediately, continuously, and irreparably.

44. Injunctive relief, in the nature of simultaneously restraining the Board and compelling the Board to act under the APA, §24-4-106(7), C.R.S. (2013) or alternatively, pursuant to C.R.C.P. 65, is required to ameliorate the ongoing injury to Dr. May not otherwise remediated.

WHEREFORE, Dr. May requests an order and judgment in his favor and against the Board, in which the Court shall:

-- Declare and direct that the Board must cease publication of the vacated Order of Summary Suspension, dated July 18, 2014, in any manner or forum, forthwith;

-- Declare and direct that the Board must publish and disseminate the Interim Practice Agreement, dated August 26, 2014, as required by law, in any required forum, forthwith;

-- Find and conclude that no plain, speedy, and adequate remedy otherwise provided by law exists;

- Declare and direct the Board to report that the Order of Summary Suspension has been vacated as of August 26, 2014, at the NPDB and all other national reporting agencies, forthwith;

- Enjoin the Board consistent with the declaration and directions above, forthwith;

- Award Dr. May his reasonable attorneys fees and costs, pursuant to C.R.C.P 11; and

- Award such other relief as is just and proper.

Dated this 3rd day of September 2014.

*I have reviewed this Complaint and declare under penalty of perjury that the facts alleged within this Complaint are, to the best of my knowledge and belief, true and correct.*

Andre R. May, M.D.
3622 E. 88th St.
Tulsa OK 74137

Sworn to and subscribed before me this 3rd day of September, 2014.

Notary Public

My Commission Expires: Sept 19th 2015
11008589

*Original signed and on file*

Sheila H. Meer, No. 1508

Kari Hershey, No. 34246

BEFORE THE COLORADO MEDICAL BOARD
STATE OF COLORADO
CASE NO: 2013-138-B

---

### ORDER OF SUSPENSION PURSUANT TO SECTION 24-4-104(4), C.R.S.

IN THE MATTER OF THE LICENSE TO PRACTICE MEDICINE AS A PHYSICIAN IN THE STATE OF COLORADO OF ANDRE R. MAY, M.D., LICENSE NO. DR-28148,

Respondent.

---

TO:   Andre R. May, M.D.


Inquiry Panel B ("Panel") of the Colorado Medical Board (the "Colorado Board"), having reviewed this matter during its meeting of the Panel on July 17, 2014, hereby finds as follows:

1.    Respondent was licensed to practice medicine in the state of Colorado on June 5, 1987, and was issued license number DR-28148, which Respondent has held continuously since that date.

2.    On July 17, 2014, the Panel reviewed materials relating to case number 2013-138-B and found that based upon the information reviewed, the Panel had reasonable grounds to believe that the public health, safety, or welfare imperatively requires emergency action and/or that Respondent was guilty of a deliberate and willful violation of the Medical Practice Act. The Panel reviewed information that Respondent's care of multiple patients fell below the standard of care regarding medication prescribing and management.   Respondent's prescribing fell below generally accepted standards of medical practice by:

- Prescribing multiple long acting opioid medications at the same time;
- Escalating dosages for long acting opioid medications too quickly and in quantities that are too high;
- Failing to recognize increased risk for abuse and addiction in certain patients or failing to take such risks into account when prescribing opioid medications;
- Continuing to prescribe opioid medications after identification of behaviors suggestive of substance abuse, addiction or diversion; and

ATTACHMENT A

- Prescribing multiple short acting opioid medications simultaneously in the absence of prescribing long acting opioid medications.

3.       Based upon paragraphs 1-2, the Panel has objective and reasonable grounds to believe and finds that Respondent deliberately and willfully violated the Medical Practice Act and/or that the public health, safety, or welfare imperatively requires emergency action.

4.       The Panel incorporates paragraphs 1 through 3 in its findings for this Order of Suspension from the Practice of Medicine.

5.       The Panel is therefore authorized by Section 24-4-104(4), C.R.S. to suspend Respondent's license to practice medicine in this state pending proceedings for suspension or revocation.

WHEREFORE, it is ordered that:

1.  Respondent's license to practice medicine in this state is hereby suspended, effective at 4:00 p.m., Friday, July 18, 2014.

2.  The suspension shall remain in effect until resolution of this matter.

ENTERED this 18th day of July, 2014.

FOR THE COLORADO MEDICAL BOARD
INQUIRY PANEL B

Karen M. McGovern
Program Director
Colorado Medical Board
1560 Broadway, Suite 1300
Denver, Colorado 80202

*Delegated by Panel B to sign on its behalf*

ATTACHMENT A

BEFORE THE COLORADO MEDICAL BOARD
STATE OF COLORADO

Case No.: 2013-138-B

## INTERIM PRACTICE AGREEMENT

IN THE MATTER OF THE LICENSE TO PRACTICE MEDICINE AS A PHYSICIAN IN
THE STATE OF COLORADO OF ANDRE R. MAY, M.D., LICENSE NO. DR-28148,

Respondent.

     IT IS HEREBY STIPULATED and agreed by and between Inquiry Panel B ("Panel")   of
the Colorado Medical Board ("Board") and Andre R. May, M.D. ("Respondent") (collectively "the
parties") as follows:

     1.    Respondent was licensed to practice medicine in the state of Colorado on June 5,
1987, and was issued license number DR-28148, which Respondent has held continuously since
that date. Respondent practices internal medicine and has practiced recently in Colorado treating
patients with chronic pain.

     2.    The Panel and the Board have jurisdiction over Respondent and over the subject
matter of this proceeding.

     3.    On July 17, 2014, the Panel reviewed materials relating to case number 2013-138-
B and found that based upon the information reviewed, the Panel had reasonable grounds to
believe that the public health, safety, or welfare imperatively required emergency action and/or
that Respondent was guilty of a deliberate and willful violation of the Medical Practice Act. The
Panel reviewed information that Respondent's care of multiple patients fell below the standard of
care regarding prescribing medication for and management of chronic pain.   The Panel's
concerns regarding Respondent's care included:

- Prescribing multiple long acting opioid medications at the same time;
- Escalating dosages for long acting opioid medications too quickly and in
  quantities that are too high; and
- Failing to recognize increased risk for abuse and addiction in certain patients or
  failing to take such risks into account when prescribing opioid medications.

     4.    Respondent denies the above and all other allegations of substandard care.

     5.    Based upon the information and the totality of the circumstances, the Panel had
objective and reasonable grounds to believe and found that the public health, safety or welfare
imperatively required emergency action.   Accordingly, the Panel summarily suspended
Respondent through its Order of Suspension Pursuant to Section 24-4-104(4), C.R.S., dated July
18, 2014.

ATTACHMENT B

Aug. 25. 2014  3:49PM

6.     On August 22, 2014, the Panel reviewed materials relating to case number 2013-138-B, including a substantive response by Respondent.  On that date, Respondent also appeared before the Panel for a post-suspension hearing pursuant to Board Rules and Regulations Regarding Suspensions, Rule 280.  At that time, Respondent requested permission from the Panel to practice primary care medicine, either in a group practice or as a hospitalist.

7.     The Panel has agreed to vacate and does vacate its Order of July 18, 2014, as of the effective date of this Interim Agreement. This action does not preclude the imposition of a new summary suspension if Respondent fails to meet the practice terms and restrictions herein during the term of this Interim Agreement, or if the Interim Agreement expires without a final disposition and grounds therefore are established.

8.     Respondent specifically agrees that while this Interim Agreement is in effect, as set forth in paragraphs 9-15, his practice is restricted in the following manner:

## INTERIM PRACTICE TERMS AND RESTRICTIONS

9.     Respondent shall practice only within the scope of internal, general, or family medicine (also known as "primary care medicine").  Respondent may practice either in a group practice for internal, general, or family medicine or as an internal medicine, family practice, or general practice hospitalist.

10.     Respondent shall not practice medicine as a solo practitioner.

11.     Respondent shall not serve as the medical director for his medical practice.

12.     Although Respondent may practice within the scope of his primary care practice, Respondent shall not treat or otherwise manage the chronic pain treatment for any of his patients.

13.     Respondent shall not share offices with any provider practicing significant or substantial chronic pain management.

14.     Respondent shall not perform any evaluation of a patient for the purpose of medical marijuana evaluation and shall not provide documentation certifying that a patient may benefit from the medical use of marijuana.

15.     Respondent may only prescribe controlled substances in an acute inpatient or observational hospitalized setting.  No controlled substances may be prescribed to patients who are not hospitalized.  Respondent may not prescribe controlled substances to outpatients, including discharge medications to previously admitted inpatients.

16.  This Interim Agreement shall remain in effect until such time as the parties reach a final disposition of this case, or in the event additional summary suspension proceedings are initiated, until an order for summary suspension enters.  In the event that the parties are unable to reach a final disposition within 90 days of the effective date of this Interim Agreement, the Panel shall initiate an administrative disciplinary proceeding at the Office of Administrative Courts within 14 days thereafter.

*Andre R. May m.D.  8/25/14*

*Sherral Wheel 8/25/14*

ATTACHMENT B

17.     The Panel agrees that it will not institute summary suspension proceedings while this Interim Agreement is in effect so long as the Respondent remains in compliance with this Interim Agreement and so long as the Panel does not learn of new information that would warrant summary suspension.

18.     Nothing in this Interim Agreement shall constitute disciplinary action, a finding that Respondent has engaged in unprofessional conduct, or any admission by Respondent of unprofessional conduct. Respondent's license shall be published as "active with conditions." There have been no final determinations regarding Respondent's professional competence or professional conduct. Nothing in this Interim Agreement shall constitute final actions as defined in section 24-4-102(1), C.R.S.

19.     The entry of this Interim Agreement does not supersede or defeat the Panel's otherwise reserved regulatory and disciplinary powers and authority pursuant to section 12-36-118, C.R.S.

20.     Respondent understands that Respondent has the right to be represented by counsel of Respondent's choice in this matter, and Respondent is represented by counsel.

21.     The terms of this Interim Agreement were mutually negotiated and determined.

22.     Both parties acknowledge that they understand the legal consequences of this Interim Agreement, both parties enter into this Interim Agreement voluntarily, and both parties agree that no term or condition of this Interim Agreement is unconscionable.

23.     This Interim Agreement and all its terms constitute a valid board order for purposes of section 12-36-117(1)(u), C.R.S.

24.     So that the Board may notify hospitals of this Interim Agreement, Respondent presently holds privileges at the following Colorado hospitals: None.

25.     Invalidation of any portion of this Interim Agreement by judgment or court order shall in no way affect any other provision, which provision shall remain in full force and effect.

26.     This Interim Agreement shall be effective upon signature by Respondent and the Panel or its authorized representative. Respondent acknowledges that the Panel may choose not to accept the terms of this Interim Agreement and that if the Interim Agreement is not approved by the Panel and signed by a Panel member or other authorized person, it is void and inadmissible in any forum for any purpose between these parties.

27.     This Interim Agreement, consisting of 6 pages, constitutes the entire agreement between the parties, and there are no other agreements or promises, written or oral, which modify, interpret, construe or affect this Interim Agreement. This Interim Agreement cannot be modified without the prior written consent of the parties. This provision does not limit or modify the Panel's authority to impose a subsequent summary suspension if appropriate.

ATTACHMENT B

Page 4 of 6

28.    All costs and expenses incurred by Respondent to comply with this Interim Agreement shall be the sole responsibility of Respondent, and shall in no way be the obligation of the Board or Panel.

29.    Upon becoming effective, this Interim Agreement shall be open to public inspection and shall be publicized pursuant to the Board's standard policies and procedures. While this Interim Agreement does not constitute discipline against Respondent's license, it shall be reported the Federation of State Medical Boards, the National Practitioner Data Bank and as otherwise required by law.

_____
Andre R. May, M.D.
Respondent

THE FOREGOING Interim Practice Agreement was acknowledged before me this _21st_ day of August, 2014, by Andre R. May, M.D. in the County of _Denver_, State of Colorado.



NOTARY PUBLIC:

_____

Commission expiration date:
11/15/2015

THE FOREGOING Interim Practice Agreement is effective and approved this 22nd day of **August, 2014.**

FOR THE COLORADO MEDICAL BOARD
INQUIRY PANEL B

_____
Eric R. Groce, D.O.
Chair, Inquiry Panel B

*Pursuant to delegated Authority

Page **5** of **6**

**APPROVED AS TO FORM:**

FOR THE RESPONDENT
ANDRE R. MAY, M.D.

FOR THE COLORADO MEDICAL BOARD

JOHN W. SUTHERS
Attorney General


SHEILA H. MEER, #1508
Sheila H. Meer, P.C.
4535 East Colfax Avenue
Denver, Colorado 80220
Telephone: (303) 333-6330
Fax: 303-333-6330
E-mail: smeer@meerschatz.com
Counsel for Respondent

ASHLEY MOLLER KLEIN, #29362*

Senior Assistant Attorney General
Business and Licensing Section
Attorneys for the Colorado Medical Board,
  Inquiry Panel B

Colorado Department of Law
Business & Licensing Section, Medical Unit
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 8th Floor
Denver, Colorado 80203
Telephone: (720) 508-6400

ATTACHMENT B

## CERTIFICATE OF SERVICE

This is to certify that I have duly served the within **INTERIM PRACTICE AGREEMENT** upon all parties herein as designated below, at Denver, Colorado, this $\underline{26}$ day of August, 2014, addressed as follows:

| | |
|---|---|
| ____ By United States mail, postage prepaid<br>_x___ By Electronic Mail | ____ By United States mail, postage prepaid<br>_x___ By Electronic Mail |
| Andre R. May, M.D.<br>3622 E. 88th St.<br>Tulsa, OK 74137<br>Andremay1@gmail.com<br>*Respondent* | Sheila H. Meer<br>Sheila H. Meer, P.C.<br>Attorneys at Law<br>4535 East Colfax Avenue<br>Denver, CO 80220<br>smeer@meerschatz.com<br><br>*Counsel for Respondent* |

Copy sent via ____ interagency mail, __x_ electronic mail or ____ facsimile to:

Ashley Moller Klein
Senior Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 8th Floor
Denver, CO  80203
ashley.klein@state.co.us
*Counsel for Inquiry Panel B*

*Lisa E. Jackson*

ATTACHMENT B

Print Lookup Details                                                       Page 1 of 1



## Lookup Detail View

### Licensee Information
*This serves as primary source verification\* of the license.*
*\*Primary source verification: License information provided by the Colorado Division of Professions and Occupations, established by 24-34-102 C.R.S.*

| Name | Public Address |
|------|----------------|
| Andre Remont May | Westminster, CO 80234 |

### Credential Information

| License Number | License Method | License Type | License Status | Original Issue Date | Effective Date | Expiration Date |
|----------------|----------------|--------------|----------------|---------------------|----------------|-----------------|
| DR.0028148 | Original | Physician | Active – With Conditions | 06/05/1987 | 08/26/2014 | 04/30/2015 |

### Supervision

| Relationship | Supervisor/Supervisee | License | Start Date | Relationship Type |
|--------------|-----------------------|---------|------------|-------------------|
| Supervises | Karen Louise Matusik | PA.0000081 | 03/28/2013 | Supervisor |
| Supervises | Kati Louise McDonald | PA.0003353 | 11/02/2012 | Supervisor |

### Board/Program Actions

| Case Number | Public Action | Resolution | Effective Date | Completed Date |
|-------------|---------------|------------|----------------|----------------|
| 2013-138 | Agreement | Agreement | 08/26/2014 | |
| 2013-138 | Summary Suspension | Agreement | 07/18/2014 | 08/26/2014 |

### Online Documents
If you have trouble accessing documents from the links below, you may also try our Registrations Online Documents (ROD) service.

| Link | Unique ID Number | DocType | DocSource |
|------|------------------|---------|-----------|
| View Document | 304782 | HPPP-CO RESTRICTIONS OR SUSPENSIONS | IMAGE |

Generated on:  9/3/2014 6:42:56 AM

DISTRICT COURT,
CITY AND COUNTY OF DENVER
1437 Bannock Street
Denver, CO 80202

---

**Plaintiff-Appellant:** ANDRE R.MAY, M.D.

v.

**Defendant-Appellee:** COLORADO
MEDICAL BOARD

---

*Attorneys for Plaintiff*
Sheila H. Meer #1508
Sheila H. Meer, P.C., Attorneys at Law
4535 East Colfax Avenue
Denver, CO 80220
(303) 333-6330
smeer@meerschatz.com

Kari Hershey #34246
h e r s h e y   d e c k e r
10463 Park Meadows Drive, Suite 209
Lone Tree CO 80124
303-226-1680 direct
720-435-6509 cell
kari@ h e r s h e y   d e c k e r . c o m

[COURT USE ONLY]

---

Case No. 14 CV _____
Division ____

## ACCEPTANCE OF SERVICE

I, Ashley Klein, attorney for Defendant the Colorado Medical Board, hereby accept service of the District Court Civil Case Cover Sheet, Verified Complaint for Forthwith Judicial Review and Injunction (and corresponding Attachments A to C thereto), and District Court Civil Summons to the Colorado Medical Board, and waive personal service of such filings on behalf of the Medical Board, on this ___ day of September, 2014.

_____
Ashley Klein, Esq.
Attorney for the Colorado Medical Board
Senior Assistant Attorney General
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 8th Floor
Denver, Colorado 80203
(720) 508-6400 Direct
ashley.klein@state.co.us

DISTRICT COURT,
CITY AND COUNTY OF DENVER
1437 Bannock Street
Denver, CO  80202

---

**Plaintiff-Appellant:**  ANDRE R.MAY, M.D.

v.

**Defendant-Appellee:**  COLORADO
MEDICAL BOARD

---

*Attorneys for Plaintiff*
Sheila H. Meer #1508
Sheila H. Meer, P.C., Attorneys at Law
4535 East Colfax Avenue
Denver, CO  80220
(303) 333-6330
smeer@meerschatz.com

Kari Hershey #34246
h e r s h e y   d e c k e r
10463 Park Meadows Drive, Suite 209
Lone Tree CO 80124
303-226-1680 direct
720-435-6509 cell
kari@ h e r s h e y   d e c k e r . c o m

[COURT USE ONLY]

---

Case No. 2014CV33430
Courtroom: 259

---

## PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Andre R. May, M.D. (Dr. May), through counsel, moves for temporary restraining order and preliminary injunction, pursuant to §24-4-106(7), C.R.S. (2013) and CRCP 65, to compel the Colorado Medical Board (Board) to comply with the terms of its final agency order vacating an earlier order of summary suspension.

### INTRODUCTION

Dr. May is a medical doctor who was licensed to practice medicine in Colorado on June 5, 1987 and holds Colorado medical license DR-28148. *Attachment C, Board licensure website for Andre R. May, 9/3/14.* Dr. May is also licensed to and practices medicine in Oklahoma, where he resides and is currently employed.  See Verified Complaint at ¶2. Dr. May is Board Certified in Internal Medicine and Pediatrics.  *Id.* at ¶16.  On July 18, 2014, Panel B of the Board summarily suspended Dr. May's license to practice medicine in Colorado.  *Attachment A, Order of Summary Suspension.*  On that date, and to date, no Notice of Charges alleging violation of the Medical

1

Practice Act has been filed or served by the Board.  Verified Complaint at ¶17.  At the time it voted to suspend Dr. May, Panel B of the Board did not consider any information from Dr. May about the care that Dr. May provided to the clinic patients in issue.  *Id.* at ¶18.

Panel B of the Board subsequently afforded Dr. May an opportunity to respond with written information after suspension and offered him a post-suspension hearing on August 22, 2014.  *Id.* at ¶19.  Dr. May and counsel appeared at that (unrecorded) hearing with Panel B.  Dr. May denied violation of the Medical Practice Act, orally and in writing.  *Id.*  At the conclusion of that hearing, Panel B voted to vacate the summary suspension, conditioned on the Parties entering an Interim Practice Agreement (IPA).  *Id.* at ¶20.

On August 26, 2014, Panel B of the Board entered the IPA, signed by the Parties, as its Order.  *Attachment B, IPA.*  The terms and conditions of the IPA were negotiated by the Parties, through counsel.  *Id.* at ¶¶20-21.  The IPA allows Dr. May to practice all aspects of primary care medicine in a hospital (as a "hospitalist") or in private group practice, except that for not to exceed 90 days, he may not practice in a pain management clinic or prescribe controlled substances outside of the hospital setting.  *See id.* at ¶¶9-16.  The IPA, at ¶7, states that Panel B of the Board agrees "to vacate and does vacate its order of July 18, 2014, as of the effective date of this agreement."

To date, however, the Board has refused to vacate its order of July 18, 2014.  Rather, the Board continues to publish the July 18, 2014 order on its public websites.  *Attachment C, Board licensure website for Andre R. May, 9/3/14.*  Moreover, the Board has not voided its report of the July 18, 2014 order with the National Practitioner Data Bank.  While acknowledging the existence of an "Agreement" effective "08/26/2014," and a "Completion Date" of the "Summary Suspension" on "08/26/2014," the Board's public website does not publish the IPA or explain why the Order of Summary Suspension is still being published in place of the IPA or standing alone.  *See id.*

In contrast, Dr. May has complied with the terms of the IPA to date, without exception.  Verified Complaint at ¶31.

The Board's continuing publication of the vacated Order of Summary Suspension and refusal to publish the IPA in its place poses immediate risk of adverse action by other state licensing boards and by his employer; invites adverse professional review action, insurance panel participation cancellation, adverse action by law enforcement agencies, denial or cancelation of insurance coverage, and damage of his professional reputation.  The Board's conduct in continuing to publish a vacated Order of Summary Suspension and refusal to publish the successor Order (IPA) is arbitrary, capricious, and an abuse of discretion under Colorado's "State Administrative Procedure Act" (APA).

2

## ARGUMENT

**I.     Legal Authority**

The granting of a preliminary injunction is a decision that lies within the sound discretion of the trial court. *Rathke v. MacFarlane,* 648 P.2d 648, 653 (Colo. 1982). In exercising its discretion, the court must find that the moving party has demonstrated:

1.     A reasonable probability of success on the merits;

2.     Danger of real, immediate, and irreparable injury, which may be prevented by injunctive relief;

3.     No plain, speedy, and adequate remedy at law;

4.     Granting of a preliminary injunction will not disserve the public interest;

5.     The balance of equities favors the injunction; and

6.     The injunction will preserve the status quo pending a trial on the merits.

*Rathke*, 648 P.2d at 653-54; *see City of Golden v. Simpson,* 83 P.3d 87, 96 (Colo. 2004).

A party is entitled to a temporary restraining order (TRO) in advance of a hearing on a motion for a preliminary injunction where "[i]t clearly appears from specific facts shown by . . . the verified complaint or by testimony that immediate and irreparable injury, loss, or damage will result to the applicant . . . ." CRCP 65(b). A TRO is designed to protect the movant against immediate and irreparable harm until a hearing on the application for a preliminary injunction can be held. *City of Golden v. Simpson,* 83 P.3d 87, 96 (Colo. 2004).

Although injunctive relief is not generally available against an administrative agency performing the duties delegated to it, final agency action is subject to judicial review under the Colorado Administrative Procedure Act (APA). See §24-4-106(2), C.R.S. (2013). A person adversely affected or aggrieved by any agency action may commence an action for judicial review in the district court or court of appeals within thirty-five or forty-nine days, respectively, after such agency action becomes effective. §24-4-106(4) and (11), C.R.S. (2013). "Action" is defined to include "the whole or any part of any agency rule, order, [or] interlocutory order . . . ." *Id.* at §24-4-102(1). "Finality" occurs when administrative remedies for the agency action, here, an Order of Summary Suspension and a subsequent IPA, have been or are exhausted or unavailable. *Envirotest Systems v. Colorado Department of Revenue,* 109 P.3d 142 (Colo. 2005).

In support of their jurisdiction in certain judicial review categories, Colorado district courts are authorized to grant appropriate relief, including authority to compel a board to perform an act that the law provides as a duty of such board or set aside an act that results from an abuse of discretion, both under the APA, §24-4-106(7), C.R.S. (2013) (reviewing court "shall hold unlawful and set aside the agency action and shall restrain the enforcement of the order under review, [and] or compel any agency action to be taken which has been unlawfully withheld or unduly delayed….") and CRCP 106(a)(2).

Rule 106(a), CRCP provides a mechanism for review: "Where any governmental body or officer or any lower judicial body exercising judicial or quasi-judicial functions has exceeded its

3

jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy otherwise provided by law: . . ." CRCP 106(a)(4).

II.     **Preliminary Injunction is Warranted**

    A. *Reasonable probability of success on the merits*

       To succeed on his claim for injunction, Dr. May must show that the Board has acted contrary to its vote and order to "vacate" vacate" its order of July 18, 2014 and enter an IPA with Dr. May.

       As verified by Dr. May, at its August 22, 2014 meeting, the Board voted to "vacate" its order of July 18, 2014 and enter an IPA with Dr. May.  The IPA, which is signed by and binds the Board, provides that the Board agrees "to vacate and does vacate its order of July 18, as of the effective date of this agreement." *Attachment B, IPA at ¶7.*

       The word "vacate" means:

> [t]o annul; to set aside; to cancel or rescind.  To render an act void; as, to vacate an entry of record, or a judgment.  As applied to a judgment or decree it is not synonymous with "suspend" which means to stay enforcement of judgment or decree.

*Black's Law Dictionary, 6th Ed.*

       The Board's authority to act is derived from the Medical Practice Act.  *§12-36-101, et seq.,* CRS (2013).  There is no provision in the Medical Practice Act or the APA that allows the Board to refuse to enforce the plain meaning and legal effect of the terms of its lawful orders.

       Because the order of July 18, 2014, is annulled, set aside, rescinded, and otherwise void, its continued publication is improper.  Therefore, Dr. May has a reasonable probability of success on the merits with regards to his claim that the Board abuses its discretion.

    B. *Danger of real, immediate, and irreparable injury which may be prevented by injunctive relief*

       The cornerstone of the irreparable harm requirement is that the preliminary injunction must prevent an injury that monetary damages alone cannot compensate.  *Tri-state Generation v. Shoshone River Power Co.,* 805 F.2d 351, 355 (10th Cir. 1986).  Irreparable harm is harm that can be prevented only by the exercise of the court's equitable powers. *Tillman v. Miller,* 917 F. Supp 799, 801 (N.D. Ga. 1995).

       The injury Dr. May faces absent an injunction cannot be compensated monetarily.  Publication of a void order causes ongoing and irreparable injury.  The Board websites are accessible to and consulted by other state licensing boards, law enforcement agencies, public and private medical institutions and facilities, national data banks, professional review bodies, insurance carriers, and the general public.  Continued publication of the Order for Summary

4

Suspension gives the materially false impression that Dr. May is suspended from practice, when that is simply, not true.  The Board's action has negated the terms of the Parties' subsequent agreement in its IPA to Dr. May's immediate jeopardy and with ongoing injury.

Such misleading information poses immediate risk of adverse action by other state licensing boards, as well as employers.  Dr. May has already had one potential employer decline to discuss employment until the vacated suspension is perfected.  Moreover, such publication invites adverse professional review action, insurance panel participation cancellation, adverse action by law enforcement agencies, and denial or cancelation of insurance coverage based on false and misleading information.  Moreover, any access by the public or colleagues damages Dr. May's professional reputation.

Notably, the due process afforded to Dr. May in the way of a post suspension hearing, resulted in a finding by the Board that a full suspension was not warranted.   Specifically, the Board voted that the Order of Summary Suspension be vacated and an IPA be entered that allows Dr. May to practice.  Yet, the Board continues to publish the vacated Order of Summary Suspension and refuses to publish the IPA in its place.

Here, without relief, Dr. May is forced to defend himself against an order that does not legally exist.  The impact on his reputation among his patients, potential patients and colleagues is not subject to measure. Hence, the real, immediate, and irreparable injury which Dr. May suffers by publication of the vacated order would be prevented by injunctive relief prohibiting such continued publication.

### C. *The balance of equities favors, the public interest will be served by, and the status quo will be preserved by, the issuance of a preliminary injunction*

There is simply nothing inequitable about the Board being required to perfect the terms of its final agency order and vacate the Order of Summary Suspension and publish the IPA in its place.  When balancing the interests of the Parties, Dr. May's exposure to harm is significantly higher than any potential harm to the Board. In fact, it is unclear what harm there is in requiring the Board to cease publication of a vacated order.  Hence, the balance of equities favors the injunction because the Board has acted outside the bounds of is authority.

Vacating the suspension order serves the public interest.  In fact, the public interest will be disserved if the Board is permitted to continue its current course of conduct, as continued publication of the vacated order serves only to confuse the public and others who may reference the Board websites.  Through the IPA, the public is on notice of the issues concerning Dr. May's practice and the conditions that the Board deems appropriate.  It is certainly not in the public interest to continue to publish a vacated order that contains a materially false report of Dr. May's practice status.

Granting the injunction preserves the status quo by allowing the Board to enforce its conditions, puts the public and others on appropriate notice, and allows Dr. May to practice as agreed in the IPA. The status quo is that the July 18, 2014 suspension order is vacated and the August 22, 2014 interim agreement is in place.  Hence, enjoining the Board from publishing the

5

vacated order does not affect the status quo.  Further, the status quo cannot be said to be negatively impacted by preventing a party from pursuing an improper course of action.

### D. No plain, speedy, and adequate remedy at law exists

Here, no adequate remedy exists under the APA or MPA for review of the Board's continued insistence on publishing a void order.  Dr. May has attempted to work within the administrative process to convince the Board of its error, to no avail.  He has exhausted that avenue.  And with no other administrative forum available, any action but this is futile.  *City and County of Denver v. United Air Lines, Inc.,* 8 P.3d 1206, 1213 (Colo. 2000).

Dr. May seeks only to restrain the Board from continuing to act arbitrarily beyond its statutory and constitutional authority.  Accordingly, entry of a temporary restraining order and a preliminary injunction are the only plain, speedy and adequate means to prevent the irreparable harm described above.

## CONCLUSION

For the reasons discussed herein, Dr. May will suffer immediate and irreparable injury, loss and damage if the Board is not immediately restrained from continued publication of its vacated order.  On August 29, 2014 Dr. May's counsel notified counsel for the Board of Dr. May's intent to file his Verified Complaint and this motion for temporary restraining order and preliminary injunction if the Board denied his request to correct its improper publications.  The Board objects to Dr. May's Verified Complaint and this motion.

WHEREFORE, for the foregoing reasons, Dr. May respectfully requests that this motion be granted and a temporary restraining order be issued compelling the Colorado Medical Board, pursuant to the language of the Interim Practice Agreement (*Attachment B*), vacate its prior Order of Summary Suspension (*Attachment A*), including publication of such order, pending hearing on Dr. May's motion for preliminary injunction.

Respectfully submitted this 4th day of September, 2014.

*Original signed and on file*

/s/ Sheila H. Meer         .
Sheila H. Meer, No. 1508

/s/    Kari M. Hershey.
Kari M. Hershey, #34246

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed with the Court via ICCES and served via e-mail on this 4th day of September, 2014 to:

**Counsel of Record for Medical Board:**

Ashley Klein
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 8th Floor
Denver, CO 80203
Phone: 720-508-6390
Fax: 720-508-6037
E-mail: Ashley.Klein@state.co.us

h e r s h e y   d e c k e r

/s/ Todd Likman

7

BEFORE THE COLORADO MEDICAL BOARD
STATE OF COLORADO
CASE NO: 2013-138-B

---

**ORDER OF SUSPENSION PURSUANT TO SECTION 24-4-104(4), C.R.S.**

IN THE MATTER OF THE LICENSE TO PRACTICE MEDICINE AS A
PHYSICIAN IN THE STATE OF COLORADO OF ANDRE R. MAY, M.D.,
LICENSE NO. DR-28148,

Respondent.

---

TO:   Andre R. May, M.D.

Inquiry Panel B ("Panel") of the Colorado Medical Board (the "Colorado Board"), having reviewed this matter during its meeting of the Panel on July 17, 2014, hereby finds as follows:

1.     Respondent was licensed to practice medicine in the state of Colorado on June 5, 1987, and was issued license number DR-28148, which Respondent has held continuously since that date.

2.     On July 17, 2014, the Panel reviewed materials relating to case number 2013-138-B and found that based upon the information reviewed, the Panel had reasonable grounds to believe that the public health, safety, or welfare imperatively requires emergency action and/or that Respondent was guilty of a deliberate and willful violation of the Medical Practice Act. The Panel reviewed information that Respondent's care of multiple patients fell below the standard of care regarding medication prescribing and management.   Respondent's prescribing fell below generally accepted standards of medical practice by:

- Prescribing multiple long acting opioid medications at the same time;
- Escalating dosages for long acting opioid medications too quickly and in quantities that are too high;
- Failing to recognize increased risk for abuse and addiction in certain patients or failing to take such risks into account when prescribing opioid medications;
- Continuing to prescribe opioid medications after identification of behaviors suggestive of substance abuse, addiction or diversion; and

ATTACHMENT A

- Prescribing multiple short acting opioid medications simultaneously in the absence of prescribing long acting opioid medications.

3.     Based upon paragraphs 1-2, the Panel has objective and reasonable grounds to believe and finds that Respondent deliberately and willfully violated the Medical Practice Act and/or that the public health, safety, or welfare imperatively requires emergency action.

4.     The Panel incorporates paragraphs 1 through 3 in its findings for this Order of Suspension from the Practice of Medicine.

5.     The Panel is therefore authorized by Section 24-4-104(4), C.R.S. to suspend Respondent's license to practice medicine in this state pending proceedings for suspension or revocation.


WHEREFORE, it is ordered that:

1. Respondent's license to practice medicine in this state is hereby suspended, effective at 4:00 p.m., Friday, July 18, 2014.

2. The suspension shall remain in effect until resolution of this matter.

ENTERED this 18th day of July, 2014.


FOR THE COLORADO MEDICAL BOARD
INQUIRY PANEL B

Karen M. McGovern
Program Director
Colorado Medical Board
1560 Broadway, Suite 1300
Denver, Colorado 80202

*Delegated by Panel B to sign on its behalf*


ATTACHMENT A

BEFORE THE COLORADO MEDICAL BOARD
STATE OF COLORADO

Case No.: 2013-138-B

---

**INTERIM PRACTICE AGREEMENT**

---

IN THE MATTER OF THE LICENSE TO PRACTICE MEDICINE AS A PHYSICIAN IN
THE STATE OF COLORADO OF ANDRE R. MAY, M.D., LICENSE NO. DR-28148.

Respondent.

---

IT IS HEREBY STIPULATED and agreed by and between Inquiry Panel B ("Panel")  of
the Colorado Medical Board ("Board") and Andre R. May, M.D. ("Respondent") (collectively "the
parties") as follows:

1.      Respondent was licensed to practice medicine in the state of Colorado on June 5,
1987, and was issued license number DR-28148, which Respondent has held continuously since
that date.  Respondent practices internal medicine and has practiced recently in Colorado treating
patients with chronic pain.

2.      The Panel and the Board have jurisdiction over Respondent and over the subject
matter of this proceeding.

3.      On July 17, 2014, the Panel reviewed materials relating to case number 2013-138-
B and found that based upon the information reviewed, the Panel had reasonable grounds to
believe that the public health, safety, or welfare imperatively required emergency action and/or
that Respondent was guilty of a deliberate and willful violation of the Medical Practice Act.  The
Panel reviewed information that Respondent's care of multiple patients fell below the standard of
care regarding prescribing medication for and management of chronic pain.   The Panel's
concerns regarding Respondent's care included:

- Prescribing multiple long acting opioid medications at the same time;
- Escalating dosages for long acting opioid medications too quickly and in
  quantities that are too high; and
- Failing to recognize increased risk for abuse and addiction in certain patients or
  failing to take such risks into account when prescribing opioid medications.

4.      Respondent denies the above and all other allegations of substandard care.

5.      Based upon the information and the totality of the circumstances, the Panel had
objective and reasonable grounds to believe and found that the public health, safety or welfare
imperatively required emergency action.    Accordingly, the Panel summarily suspended
Respondent through its Order of Suspension Pursuant to Section 24-4-104(4), C.R.S., dated July
18, 2014.

ATTACHMENT B

Aug. 25, 2014 3:49PM

6. On August 22, 2014, the Panel reviewed materials relating to case number 2013-138-B, including a substantive response by Respondent. On that date, Respondent also appeared before the Panel for a post-suspension hearing pursuant to Board Rules and Regulations Regarding Suspensions, Rule 280. At that time, Respondent requested permission from the Panel to practice primary care medicine, either in a group practice or as a hospitalist.

7. The Panel has agreed to vacate and does vacate its Order of July 18, 2014, as of the effective date of this Interim Agreement. This action does not preclude the imposition of a new summary suspension if Respondent fails to meet the practice terms and restrictions herein during the term of this Interim Agreement, or if the Interim Agreement expires without a final disposition and grounds therefore are established.

8. Respondent specifically agrees that while this Interim Agreement is in effect, as set forth in paragraphs 9-15, his practice is restricted in the following manner:

## INTERIM PRACTICE TERMS AND RESTRICTIONS

9. Respondent shall practice only within the scope of internal, general, or family medicine (also known as "primary care medicine"). Respondent may practice either in a group practice for internal, general, or family medicine or as an internal medicine, family practice, or general practice hospitalist.

10. Respondent shall not practice medicine as a solo practitioner.

11. Respondent shall not serve as the medical director for his medical practice.

12. Although Respondent may practice within the scope of his primary care practice, Respondent shall not treat or otherwise manage the chronic pain treatment for any of his patients.

13. Respondent shall not share offices with any provider practicing significant or substantial chronic pain management.

14. Respondent shall not perform any evaluation of a patient for the purpose of medical marijuana evaluation and shall not provide documentation certifying that a patient may benefit from the medical use of marijuana.

15. Respondent may only prescribe controlled substances in an acute inpatient or observational hospitalized setting. No controlled substances may be prescribed to patients who are not hospitalized. Respondent may not prescribe controlled substances to outpatients, including discharge medications to previously admitted inpatients.

16. This Interim Agreement shall remain in effect until such time as the parties reach a final disposition of this case, or in the event additional summary suspension proceedings are initiated, until an order for summary suspension enters. In the event that the parties are unable to reach a final disposition within 90 days of the effective date of this Interim Agreement, the Panel shall initiate an administrative disciplinary proceeding at the Office of Administrative Courts within 14 days thereafter.

*Andra R. May M.D.*   8/25/14
*Sherial Wheel*   8/25/14

ATTACHMENT B

17.     The Panel agrees that it will not institute summary suspension proceedings while this Interim Agreement is in effect so long as the Respondent remains in compliance with this Interim Agreement and so long as the Panel does not learn of new information that would warrant summary suspension.

18.     Nothing in this Interim Agreement shall constitute disciplinary action, a finding that Respondent has engaged in unprofessional conduct, or any admission by Respondent of unprofessional conduct. Respondent's license shall be published as "active with conditions." There have been no final determinations regarding Respondent's professional competence or professional conduct. Nothing in this Interim Agreement shall constitute final actions as defined in section 24-4-102(1), C.R.S.

19.     The entry of this Interim Agreement does not supersede or defeat the Panel's otherwise reserved regulatory and disciplinary powers and authority pursuant to section 12-36-118, C.R.S.

20.     Respondent understands that Respondent has the right to be represented by counsel of Respondent's choice in this matter, and Respondent is represented by counsel.

21.     The terms of this Interim Agreement were mutually negotiated and determined.

22.     Both parties acknowledge that they understand the legal consequences of this Interim Agreement, both parties enter into this Interim Agreement voluntarily, and both parties agree that no term or condition of this Interim Agreement is unconscionable.

23.     This Interim Agreement and all its terms constitute a valid board order for purposes of section 12-36-117(1)(u), C.R.S.

24.     So that the Board may notify hospitals of this Interim Agreement, Respondent presently holds privileges at the following Colorado hospitals: None.

25.     Invalidation of any portion of this Interim Agreement by judgment or court order shall in no way affect any other provision, which provision shall remain in full force and effect.

26.     This Interim Agreement shall be effective upon signature by Respondent and the Panel or its authorized representative. Respondent acknowledges that the Panel may choose not to accept the terms of this Interim Agreement and that if the Interim Agreement is not approved by the Panel and signed by a Panel member or other authorized person, it is void and inadmissible in any forum for any purpose between these parties.

27.     This Interim Agreement, consisting of 6 pages, constitutes the entire agreement between the parties, and there are no other agreements or promises, written or oral, which modify, interpret, construe or affect this Interim Agreement. This Interim Agreement cannot be modified without the prior written consent of the parties. This provision does not limit or modify the Panel's authority to impose a subsequent summary suspension if appropriate.

Page 4 of 6

28.    All costs and expenses incurred by Respondent to comply with this Interim Agreement shall be the sole responsibility of Respondent, and shall in no way be the obligation of the Board or Panel.

29.    Upon becoming effective, this Interim Agreement shall be open to public inspection and shall be publicized pursuant to the Board's standard policies and procedures. While this Interim Agreement does not constitute discipline against Respondent's license, it shall be reported the Federation of State Medical Boards, the National Practitioner Data Bank and as otherwise required by law.

_____
Andre R. May, M.D.
Respondent

THE FOREGOING Interim Practice Agreement was acknowledged before me this 21st day of August, 2014, by Andre R. May, M.D. in the County of Denver, State of Colorado.



NOTARY PUBLIC:

_____

Commission expiration date:
11/15/2015

THE FOREGOING Interim Practice Agreement is effective and approved this 22nd 26th day of August, 2014.

FOR THE COLORADO MEDICAL BOARD
INQUIRY PANEL B

_____  Program Director*
Eric R. Groce, D.O.
Chair, Inquiry Panel B

*Pursuant to delegated Authority

Page 5 of 6

**APPROVED AS TO FORM:**

FOR THE RESPONDENT                    FOR THE COLORADO MEDICAL BOARD
ANDRE R. MAY, M.D.

                                      JOHN W. SUTHERS
                                      Attorney General


_Sheila Meer_                         _Ashley Moller Klein_

SHEILA H. MEER, #1508                 ASHLEY MOLLER KLEIN, #29362*
Sheila H. Meer, P.C.
4535 East Colfax Avenue               Senior Assistant Attorney General
Denver, Colorado 80220                Business and Licensing Section
Telephone: (303) 333-6330             Attorneys for the Colorado Medical Board,
Fax: 303-333-6330                       Inquiry Panel B
E-mail: smeer@meerschatz.com
Counsel for Respondent                Colorado Department of Law
                                      Business & Licensing Section, Medical Unit
                                      Ralph L. Carr Colorado Judicial Center
                                      1300 Broadway, 8th Floor
                                      Denver, Colorado 80203
                                      Telephone: (720) 508-6400

ATTACHMENT B

### CERTIFICATE OF SERVICE

This is to certify that I have duly served the within **INTERIM PRACTICE AGREEMENT** upon all parties herein as designated below, at Denver, Colorado, this 26 day of August, 2014, addressed as follows:

| | |
|---|---|
| ____ By United States mail, postage prepaid<br>_x___ By Electronic Mail<br><br>Andre R. May, M.D.<br>3622 E. 88th St.<br>Tulsa, OK 74137<br>Andremay1@gmail.com<br>*Respondent* | ____ By United States mail, postage prepaid<br>_x___ By Electronic Mail<br><br>Sheila H. Meer<br>Sheila H. Meer, P.C.<br>Attorneys at Law<br>4535 East Colfax Avenue<br>Denver, CO 80220<br>smeer@meerschatz.com<br><br>*Counsel for Respondent* |

Copy sent via ___ interagency mail, _x_ electronic mail or ___ facsimile to:

Ashley Moller Klein
Senior Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 8th Floor
Denver, CO 80203
ashley.klein@state.co.us
*Counsel for Inquiry Panel B*

*Lisa E. Jackson*

ATTACHMENT B

Print Lookup Details                                                    Page 1 of 1



## Lookup Detail View

**Licensee Information**
This serves as primary source verification* of the license.
*Primary source verification: License information provided by the Colorado Division of Professions and Occupations, established by 24-34-102 C.R.S.

| Name | Public Address |
|------|----------------|
| Andre Remont May | Westminster, CO 80234 |

**Credential Information**

| License Number | License Method | License Type | License Status | Original Issue Date | Effective Date | Expiration Date |
|----------------|----------------|--------------|----------------|---------------------|----------------|-----------------|
| DR.0028148 | Original | Physician | Active - With Conditions | 06/05/1987 | 08/26/2014 | 04/30/2015 |

**Supervision**

| Relationship | Supervisor/Supervisee | License | Start Date | Relationship Type |
|--------------|-----------------------|---------|------------|-------------------|
| Supervises | Karen Louise Matusik | PA.0000081 | 03/28/2013 | Supervisor |
| Supervises | Kati Louise McDonald | PA.0003353 | 11/02/2012 | Supervisor |

**Board/Program Actions**

| Case Number | Public Action | Resolution | Effective Date | Completed Date |
|-------------|---------------|------------|----------------|----------------|
| 2013-138 | Agreement | Agreement | 08/26/2014 | |
| 2013-138 | Summary Suspension | Agreement | 07/18/2014 | 08/26/2014 |

**Online Documents**
If you have trouble accessing documents from the links below, you may also try our Registrations Online Documents (ROD) service.

| Link | Unique ID Number | DocType | DocSource |
|------|------------------|---------|-----------|
| View Document | 304782 | HPPP-CO RESTRICTIONS OR SUSPENSIONS | IMAGE |

Generated on:  9/3/2014 6:42:56 AM

ATTACHMENT C

DISTRICT COURT,
CITY AND COUNTY OF DENVER
1437 Bannock Street
Denver, CO 80202

**Plaintiff-Appellant:** ANDRE R.MAY, M.D.

v.

**Defendant-Appellee:** COLORADO
MEDICAL BOARD

*Attorneys for Plaintiff*
Sheila H. Meer #1508
Sheila H. Meer, P.C., Attorneys at Law
4535 East Colfax Avenue
Denver, CO 80220
(303) 333-6330
smeer@meerschatz.com

Kari M. Hershey #34246
h e r s h e y  d e c k e r
10463 Park Meadows Drive, Suite 209
Lone Tree CO 80124
303-226-1680 direct
720-435-6509 cell
kari@hersheydecker.com

[COURT USE ONLY]

Case No. 2014CV33430
Courtroom: 259

**MOTION FOR ABSENTEE TESTIMONY PURSUANT TO CRCP 43**

Plaintiff-Appellant Andre R. May, M.D. (Dr. May), through counsel and pursuant to
CRCP 43, respectfully moves for an order allowing him to appear telephonically at hearing in
this matter for the following reasons:

1.    Dr. May resides at 3622 E. 88th St., Tulsa, OK 74137.

2.    Dr. May is licensed to practice medicine in Colorado and Oklahoma.

3.    Dr. May currently provides medical services as a hospitalist at a regional hospital in
      Oklahoma.  As part of his responsibilities when on duty at the hospital, he must be
      available in person to provide patient care.

4.    As a result of factual circumstances outlined in Dr. May's Verified Complaint for
      Forthwith Judicial Review and Injunction, and corresponding Motion for Injunction, Dr.
      May anticipates a prompt hearing in this matter.  He will not, however, be able to travel
      to Colorado due to his obligations to the hospital and patients.

5.   Dr. May is expected to testify regarding circumstances underlying the Claims for Relief plead in his Verified Complaint, including, without limit, circumstances related to the July 18, 2014 Order of Summary Suspension and the August 18, 2014 Interim Practice Agreement entered into with the Board and the administrative proceedings underlying such documents.

6.   The documents and reports that counsel for Dr. May anticipates that Dr. May will use or refer to in his testimony at hearing are the attachments to the Verified Complaint.

7.   At hearing, Dr. May's counsel will use a phone enabled with a speaker and have a prepaid calling card available to contact Dr. May so that he may participate and give testimony.  Dr. May and his counsel understand that Dr. May will be responsible for any costs associated with the form of absentee testimony.

8.   The parties and the Court will save time and costs if Dr. May is permitted to testify telephonically at hearing, which will result in a more efficient and economical resolution of this matter.

9.   Further, the interest of justice will not be disserved if Dr. May is permitted to testify via telephone at hearing because, *inter alia*, the hearing will be before the Court and not a jury, and the presentation of absentee testimony via telephone will not inhibit the ability to cross examine Dr. May.  Further, the crux of the claims for relief in this case is largely legal rather than factual in nature and will depend on the Court's application of law to its own interpretation of executed public documents, diminishing the extent to which Dr. May's credibility is at issue.  *See Verified Complaint.*

10.  Note: If any party objects to this motion, such party shall, per CRCP 43(2), "file a written response within 3 days following service unless the opening of the proceeding occurs first, in which case the objection shall be made orally in open court at the commencement of the proceeding or as soon as practicable thereafter.  If no response is filed or objection is made, the motion may be deemed confessed."  CRCP 43(2).

WHEREFORE, Dr. May respectfully requests that the Court, in the interests of justice and judicial economy, enter an order in the form submitted herewith granting this motion and allowing his absentee testimony at hearing in this matter.

Respectfully submitted this 4th day of September, 2014.

*Attorney for Plaintiff-Appellant Dr. May:*

Kari M. Hershey

_____

Kari Hershey, No. 34246

2

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed with the Court via ICCES and served via e-mail on this 4th day of September, 2014 to:

**Counsel of Record for Medical Board:**

Ashley Klein
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 8th Floor
Denver, CO 80203
Phone: 720-508-6390
Fax: 720-508-6037
E-mail: Ashley.Klein@state.co.us

h e r s h e y  d e c k e r

/s/ Todd Likman

3