IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 14-cv-2459-WJM-KMT

ANDRE MAY, M.D.,

    Plaintiff,

v.

COLORADO MEDICAL BOARD,

    Defendant.

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND
SETTING BRIEFING SCHEDULE FOR PRELIMINARY INJUNCTION**

    Plaintiff Andre R. May, M.D. ("Plaintiff") brings this action against Defendant Colorado Medical Board (the "Board") pursuant to 42 U.S.C. § 1983 contesting the Due Process he was afforded during disciplinary proceedings that were brought against him. (Compl. (ECF No. 4).) This matter is before the Court on Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion"). (ECF No. 5.)

    According to the allegations in the Complaint, Plaintiff is a doctor who is licensed to practice medicine in Colorado and Oklahoma. (Compl. ¶ 15.) On July 18, 2014, a panel of the Board summarily suspended his license to practice medicine in Colorado based on its finding that he was overprescribing opioid medications. (ECF No. 1 at 14-15.) The July 18, 2014 order suspending Plaintiff's license was published on the Board's public website, and was reported to the National Practitioner Data Bank ("NPDB"), both of which are accessible to and consulted by state licensing boards, law enforcement agencies, professional review bodies, insurance carriers, and the general

public.  (Compl. ¶¶ 28-30.)

Plaintiff appealed his suspension and was granted a hearing on August 22, 2014.  (Compl. ¶ 19.)  At the conclusion of the hearing, the Board voted to vacate Plaintiff's suspension, conditioned on the parties entering into an Interim Practice Agreement ("IPA") which allowed Plaintiff to continue practicing medicine, but placed restrictions on that practice.  (*Id*. ¶ 20; ECF No. 1 at 16-19.)  The IPA states that the Board "has agreed to vacate and does vacate its Order of July 18, 2014 [suspending Plaintiff's license], as of the effective date of this Interim Agreement."  (ECF No. 1 at 17.)  To date, the Board has refused to remove the July 18, 2014 order from its website, and has not rescinded its report to the NPDB.  (Compl. ¶¶ 28-30.)  The Board also has refused to publish the IPA on its public website.  (*Id*. ¶ 28.)

On these facts, Plaintiff seeks a temporary restraining order and preliminary injunction requiring the Board to be immediately restrained from continued publication of the vacated July 18, 2014 order.  (ECF No. 5.)  Plaintiff's request for an immediate restraining order is governed by Federal Rule of Civil Procedure 65(b)(1), which provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Here, Plaintiff alleges that his injury is immediate because the continued publication of the July 18, 2014 order suspending Plaintiff's license, particularly without the

accompanying publication of the IPA, gives the impression that he is not currently able to practice. (ECF No. 5 at 4-5.) Plaintiff contends that "such misleading information poses immediate risk of adverse action by other state licensing boards, as well as employers." (*Id*. at 5.)

The Court finds that Plaintiff has failed to show the immediacy required to issue a temporary restraining order.[1] The July 18, 2014 order has been publicly available for six weeks, and the injury which Plaintiff contends is "immediate" has yet to occur during that time. Under these circumstances, Plaintiff has not "clearly show[n] that immediate and irreparable injury . . . will result to [Plaintiffs] before [Defendant] can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

Plaintiff's Motion is more properly construed as a motion for a preliminary injunction, which the Court will consider after it is fully briefed by the parties.[2] As the Court is mindful of the allegedly irreparable harm Plaintiff is suffering by the publication of the July 18, 2014 order, the Court will shorten the briefing schedule on the Motion, and consider the Motion on an expedited basis.

In accordance with the foregoing, the Court ORDERS as follows:

---

[1] The Court also notes that Plaintiff has failed to comply with the requirement for his attorney to certify the efforts that have been made to notify Defendants, and why the Court should not wait until Defendants have an opportunity to be heard on the Motion.

[2] The Court also notes that Plaintiff is actually seeking a mandatory injunction, as he seeks to alter the *status quo*. *See Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001) (*status quo* is situation existing at time litigation is instigated). As such, his request for injunctive relief faces a higher burden than one seeking to preserve the *status quo*. *See O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 342 F.3d 1170, 1177 (10th Cir. 2003) ("If a preliminary injunction alters the *status quo*, a plaintiff must 'show that on balance, the four [preliminary injunction] factors weigh heavily and compellingly in [its] favor.'") (quoting *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1099 (10th Cir. 1991)).

1. To the extent Plaintiffs' Motion for Preliminary Injunction (ECF No. 5) seeks a temporary restraining order, the Motion is DENIED;

2. Plaintiff's request for a preliminary injunction remains pending and Defendant shall file its response not later than September 12, 2014. Plaintiff may file a reply brief by September 17, 2014. After the Motion is fully briefed, the Court will consider whether a hearing is necessary.

Dated this 5th day of September, 2014.

BY THE COURT:

William J. Martinez
United States District Judge